UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1324-JAK (KK) | Date: | June 29, 2016 |
| Title: | *Larry Darnell James v. Niel McDowell* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause Why the Petition Should Not Be Summarily Dismissed as a Second and Successive Petition

## I.
## INTRODUCTION

Petitioner Larry Darnell James ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to Title 28 of the United States Code, section 2254 ("Section 2254").  However, the Petition is a second and successive petition subject to dismissal.  Thus, the Court orders Petitioner to show cause why the Petition should not be dismissed.

## II.
## BACKGROUND

**A.   STATE COURT PROCEEDINGS**

On December 28, 2008, in San Bernardino County Superior Court, Petitioner was convicted of sex with a minor in violation of California Penal Code section 288a.  ECF Docket No. ("Dkt.") 1, Pet. at 2.  On February 27, 2009, Petitioner was sentenced to a term of twenty-five years to life.  Id.

On March 11, 2010, the California Court of Appeal affirmed the conviction.  Id. at 3.

On June 9, 2010, the California Supreme Court denied Petitioner's petition for review. Id.

On September 2, 2010, Petitioner "signed and allegedly mailed a habeas petition to the trial court." James v. Long, No. EDCV 12-1681-JAK (MAN), 2013 WL 2456501, at *2 (C.D. Cal. June 6, 2013).[1] On September 16, 2010, the superior court denied the petition. Id.

On October 11, 2010, Petitioner "signed and allegedly mailed a habeas petition to the California Court of Appeal." Id. On October 25, 2010, the California Court of Appeal summarily denied the petition. Id.; Pet. at 46.

On June 7, 2011, Petitioner "signed a habeas petition, which he mailed to the California Supreme Court and which was formally filed on June 20, 2011." James, 2013 WL 2456501, at *2. On October 19, 2011, the California Supreme Court denied the petition. Id.; Pet. at 47.

It appears Petitioner filed a second habeas petition in the California Supreme Court which was denied on March 11, 2015. Pet. at 48.

Petitioner states he filed a third habeas petition in the California Supreme Court on November 9, 2015. Pet. at 3. On February 17, 2016, the California Supreme Court denied the petition. Pet. at 4, 42.

## B. FEDERAL COURT PROCEEDINGS

On September 6, 2012, Petitioner constructively filed[2] a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254 ("2012 Petition") challenging his 2009 conviction. See James, 2013 WL 2456501, at *2 ("deeming" petition mailed on September 6, 2012 "for argument's sake"). In the 2012 Petition, Petitioner raised two claims: (1) Petitioner's sentence violates the Eighth Amendment; and (2) ineffective assistance of counsel at sentencing. EDCV 12-1681-JAK (MAN), Dkt. 1 at 5. On June 6, 2013, the Court found the 2012 Petition untimely and dismissed the action with prejudice. James, 2013 WL 2456501, at *1.

On June 2, 2016, Petitioner constructively filed the instant Petition challenging his 2009 conviction on the grounds of "defective process and forged or altered amended information." Pet. at 5, 10.

---

[1] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

## III.
## DISCUSSION

"A claim presented in a . . . successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As for new claims, the United States Supreme Court has held:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).

Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007). District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions. Id.; 28 U.S.C. § 2244(b)(2).

Here, the instant Petition is a second and successive petition. Like his 2012 Petition, the instant Petition challenges Petitioner's 2009 conviction. See Dkt. 1, Pet. While the instant Petition is based on a new claim, the Court lacks jurisdiction to consider the claim because Petitioner has not alleged or shown that he sought and obtained permission from the Ninth Circuit to file a successive habeas petition in this Court to raise any new claims. See Burton, 549 U.S. at 152-53. Accordingly, AEDPA bars this Court from entertaining the successive Petition. See 28 U.S.C. § 2244(b)(1).

## IV.
## ORDER

Thus, the Court **ORDERS** Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining the Petition is not a second and successive petition. If Petitioner contends the Petition is not a second and successive petition, Petitioner must explain and attach any supporting documents.

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form**. However, the Court warns any

dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, or fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss the Petition with prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**